WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Bernardo Perez,<br><br>Defendant. | No. CR-21-01724-001-TUC-JCH (DTF)<br><br>**ORDER** |

Pending before the Court is Defendant Bernardo Perez's ("Defendant") Motion for Review of Detention Order ("Motion") (Doc. 28); Defendant appeals Magistrate Judge D. Thomas Ferraro's decision to revoke pretrial release and detain Defendant pending trial. (*See* Doc. 27.) Defendant requests to be screened for residential treatment. (Doc. 28 at 5.) The Government does not oppose the Motion, however, the Government "reserve[s] its right to argue for detention pending results of the screening." (Doc. 29.) For the following reasons, the Court will deny the Motion and affirm the Magistrate Judge's order (Doc. 27).

**I.    BACKGROUND**

On June 22, 2021, Defendant was arrested as he tried to enter the United States from Mexico at the DeConcini Port of Entry. (Doc. 1 at 1.) Defendant is charged with the Importation of Heroin, in violation of Title 21, U.S.C. §952(a), 960(a)(1) and 960(b)(3). (*Id.*) Defendant appeared for his initial appearance on June 23, 2021, and he was ordered detained pending a detention hearing. (*See* Doc. 3.) Following a continuance, a detention hearing occurred on July 13, 2021. (*See* Doc. 8.) In the interim, Pretrial Services ("PTS")

screened Defendant for inpatient residential treatment and determined that placement with Community Bridges would be appropriate. (*See* Doc. 7.) On July 14, 2021, the Court released Defendant on a personal recognizance bond and set residential drug treatment as part of his pretrial release conditions. (Doc. 9.) Defendant successfully completed a 90-day residential drug treatment program at Community Bridges. (Doc. 28 at 2.)

On November 3, 2021, PTS filed a petition to revoke pretrial release ("the Petition"), which alleged five violations including: Defendant failed to report an address change; Defendant twice failed to report to PTS as directed by the Court; Defendant submitted a urine analysis which produced positive results for methamphetamine, fentanyl, tetrahydrocannabinol, and alcohol; Defendant failed to report to Community Bridges for intake for substance abuse treatment; and Defendant failed to report to Community Bridges for intake for mental health treatment. (*See* Doc. 18.)  An arrest warrant issued and Defendant was arrested on December 15, 2021. (Doc. 23.)

At the January 12, 2022, Admit/Deny Hearing, Defendant admitted to violating violation three in the Petition. (Doc. 27; *See* Doc. 22 at 2 ("The [D]efendant admitted, verbally and in writing, to using [methamphetamine, fentanyl, tetrahydrocannabinol, and alcohol] from October 27, 2021 through October 31, 2021.")). Magistrate Judge Ferraro found Defendant violated his conditions of Pretrial Release and ordered Defendant detained pending trial. (Doc. 27.) Judge Ferraro's decision rested, in part, on Defendant's recent arrest for DUI.[1] (*See* Doc. 28 at 2.)

On February 11, 2022, Defendant moved for review.[2]

## II.   LEGAL STANDARD

A district court's review of a magistrate judge's detention order is de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). Title 18 U.S.C. § 3148

---

[1] Defendant's DUI arrest, and the allegations therein, was not a basis included in the petition to revoke. (Doc. 22.) Although considered by Judge Ferraro and referenced in Defendant's Motion, the Court does not rely on the DUI arrest in this order.
[2] This matter was fully briefed on February 14, 2022. However, the caption did not characterize the Motion as either a review of a Magistrate Judge's detention order or an appeal of a Magistrate Judge's detention order. As such, the Court was unaware of the Motion until February 23, 2022, after defense counsel contacted Chambers.

governs pretrial revocation and detention based on a violation of pretrial release conditions. *See United States v. Reynolds*, 956 F.2d 192–193 (9th Cir.1992) (ruling in a bail hearing pending appeal and a violation of pretrial release condition). "If a condition of pretrial release is violated, a request to revoke is heard under 18 U.S.C. § 3148, not section 3142." *United States v. Bararia*, 2012 WL 5453673, at *4 (D. Nev. Nov. 7, 2012) (citation omitted). "The standards under the two sections are markedly different." *Id.*

Section 3148(b) further provides in relevant part that:

> [T]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
> (1) finds that there is—
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; ... [and]
> (B) the person is unlikely to abide by any condition or combination of conditions of release

18 U.S.C. § 3148. A court may revoke a defendant's pretrial release if there is "clear and convincing evidence that the person has violated any ... condition of release" *and* "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; *or* the person is unlikely to abide by any condition or combination of conditions of release." (*Id.*) (emphasis added).

In determining whether such conditions exist, the court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *See id.* § 3142(g).

III. **ANALYSIS**

Defendant does not contest that he violated the terms of his pretrial release. Instead, he argues that there exists a "combination of conditions of release that will assure that the

---

[3] History and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *See* 18 U.S.C. § 3142(g)(3)(A).

person will not flee or pose a danger to the safety of any other person in the community"—namely, his placement in another residential treatment facility. *See* 18 U.S.C. § 3148. The Court has considered Defendant's successful completion of the Community Bridges residential treatment program. The Court has also considered Defendant's arguments under the § 3142(g) factors.

Although the illicit substance use, following the completion of his residential treatment, is concerning, the Court is most concerned about the deceptive nature underlying violation three of the Petition:

> [D]efendant failed to report for urine testing on October 26, 2021 as previously scheduled. The defendant did not contact Pretrial Services as instructed and discontinued contact with Pretrial Services until November 2, 2021. When confronted about the lack of contact, the defendant verbally admitted that he was trying to avoid Pretrial Services and submitting to a urine sample as he had been using illicit substances. … The defendant had initially advised Pretrial Services over the phone that he had used fentanyl from October 27, 2021 through October 29, 2021; however, after reporting to the Pretrial Services office and providing a urine sample he modified his statement to indicate he had used all of the substances listed above from October 27, 2021 through October 31, 2021.

(Doc. 22 at 2.)

Defendant has violated the conditions of his pretrial release conditions by using illicit substances and obfuscating the degree of his use. Defendant's historical and continued drug use, compounded with his prior criminal record which includes two failures to appear and prior convictions for drug related offenses, (*See* Doc. 22 at 4), raise serious concerns regarding his ability to abide by any additional condition of release or combination of conditions of release. These concerns are not outweighed by any of the § 3142(g) factors.

…

…

## IV.	ORDER

Accordingly, after a de novo review, the Court concludes that Defendant is unlikely to abide by any additional condition of release or combination of conditions of release.

**IT IS ORDERED DENYING** the Defendant's Motion (Doc. 28) and affirming the detention order.

Dated this 28th day of February, 2022.

_____
Honorable John C. Hinderaker
United States District Judge